UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

A.M.,

Petitioner,

v.

JULIO HERNANDEZ, et al.,

Respondent.

Case No. 2:26-cv-04315-TLF

ORDER GRANTING UNOPPOSED PETITION FOR WRIT OF HABEAS CORPUS AND MOTION TO PROCEED UNDER PSEUDONYM

After petitioner was arrested and detained by United States Immigration and Customs Enforcement officers, he filed a petition for a writ of habeas corpus under 28 U.SC. § 2241. Dkt. 1. The petition claims that his prolonged detention for a period of 22 months violates due process under the multi-factor test set forth in *Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1106, 1117-18 (W.D. Wash. 2019). In the *Banda* opinion, the Court held that "unreasonably prolonged detention under § 1225(b) without a bond hearing violates due process"; in assessing whether the detention violates due process, the Court reviews the following factors: "(1) the total length of detention to date; (2) the likely duration of future detention; (3) the conditions of detention; (4) delays in the removal proceedings caused by the detainee; (5) delays in the removal proceedings caused by the government; and (6) the likelihood that the removal proceedings will result in a final order of removal."). *Id.*

The parties unanimously consent to the jurisdiction of a Magistrate Judge. Dkt. 4.

On November 19, 2026, petitioner filed a motion for protective order seeking permission to proceed in this action using a pseudonym and requiring respondents to maintain his confidentiality in all filings and public proceedings. Dkt. 6. Petitioner cites his pending confidential asylum application and fear of persecution in Ghana -- having been found by an asylum officer to have stated a credible fear of future torture -- as the basis for this motion. *Id.* Petitioner indicates that respondents' counsel has stated they take no position on the motion. *Id.*

On November 22, 2026, respondents filed an "abbreviated return" to the petition for writ of habeas corpus stating that: "Petitioner alleges that his immigration detention has become unreasonably prolonged. Petitioner is subject to an administratively final order of removal. However, Petitioner has a pending petition for review before the Ninth Circuit with a temporary stay of removal in place. Case No. 26-2498 (9th Cir.). Federal Respondents do not oppose Petitioner's request for a bond hearing."

Petitioner requests the Court: (1) issue a Writ of Habeas Corpus and order petitioner's release unless respondents hold a custody hearing for petitioner before an immigration judge within 14 days. At that hearing, the government must establish by clear and convincing evidence that petitioner presents a risk of flight or danger and that no alternative to detention can mitigate any risk that his release would present and if the government cannot meet its burden, the immigration judge must order petitioner's release on appropriate conditions of supervision, taking into account his ability to pay a bond[1]; (2) issue a declaration that petitioner's prolonged detention without a hearing

[1] The Court does not address petitioner's alternative request for relief – the request that the court conduct a bond hearing -- as it grants the primary relief requested.

violates the Due Process Clause of the Fifth Amendment; (3) award petitioner attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), as amended, 5 U.S.C. § 504 and 28 U.S.C. § 2412, and on any other basis justified under law.

The Court GRANTS the unopposed petition (Dkt. No. 4) and ORDERS that:

(1) Petitioner must be released unless respondents hold a custody hearing for petitioner before an immigration judge within 14 days. At that hearing, the government must establish by clear and convincing evidence that petitioner presents a risk of flight or danger and that no alternative to detention can mitigate any risk that his release would present and if the government cannot meet its burden, the immigration judge must order petitioner's release on appropriate conditions of supervision, taking into account his ability to pay a bond. There must also be a contemporaneous record made of the hearing. *See Singh v. Holder*, 638 F.3d 1196, 1200 (9th Cir. 2011).

(2) Petitioner's continued detention without a bond hearing violates the Due Process Clause of the Fifth Amendment.

(3) Respondents must file a status report no later than **December 15, 2026**, confirming compliance with this order.

(4) Petitioner may file any appropriate post-judgment motion for attorney fees.

(5) The Court also **GRANTS** petitioner's motion to proceed under a pseudonym (Dkt. 6), finding based on petitioner's stated concerns and the allegations in his petition, that his need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing petitioner's identity. *See Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000) (a party

may proceed anonymously “in special circumstances when the party’s need for anonymity outweighs prejudice to the opposing party and the public’s interest in knowing the party’s identity …[including] when anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature” and “in the unusual case when nondisclosure of the party's identity is necessary...to protect a person from harassment, injury, ridicule or personal embarrassment” (citation and quotation marks omitted)); *Doe v. Andrews*, No. 1:25-CV-00333-JLT-HBK (HC), 2025 WL 1531684, at *1 (E.D. Cal. May 28, 2025) (“courts regularly grant leave to proceed under a pseudonym in cases related to asylum proceedings”).

(a) Petitioner A.M. shall proceed in this action using only the first initials of his first and last name and his identity shall remain confidential to all but this Court and the defendants.

(b) Respondents shall use only A.M.’s initials in all of their filings, including all exhibits in which their names appear. Nothing in this Order shall be construed as limiting or precluding respondents from using A.M.’s full name and identity or information derived from his full name and identity in the ordinary course of respondents’ lawful business as allowed by law or from sharing his full name and identity with other government entities and as done in respondents’ ordinary course of business as allowed by law.

Dated this 24th day of November, 2026.

Theresa L. Fricke
United States Magistrate Judge